IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOE MOSCON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| GOLDEN RULE INSURANCE COMPANY and CHESTER SHMOLDAS, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), *et seq.*, defendant, Golden Rule Insurance Company ("Golden Rule"), files this Notice of Removal of this action from State Court to this Court and respectfully states as follows:

1. On April 2, 2009, plaintiff, Joe Moscon ("Moscon") commenced a civil action in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis ("the State Court"), bearing the style *Joe Moscon v. Golden Rule Insurance Company and Chester Shmoldas,* Docket No. CI-001610-09 ("the Civil Action"). The Civil Action is still pending in the State Court.

2. Golden Rule was served with a copy of the Summons and Complaint in the Civil Action on April 27, 2009, and the Summons and Complaint, copies of which are attached as Exhibit A, constitute all process, pleadings, and orders served on Golden Rule in the Civil Action to date.

3. Golden Rule has, to date, made no appearance in the Civil Action in State Court.

4. The Civil Action is one of which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441 in that:

(a) Moscon, both at the time of filing of the Civil Action and as of the date of filing this Notice, was and is a citizen of the State of Tennessee.

(b) Golden Rule, both at the time of filing of the Civil Action and as of the date of filing of this Notice, was and is a corporate citizen of the State of Indiana in that it is and was incorporated in the State of Indiana, with its principal place of business in Indianapolis, Indiana.

(c) Defendant, Chester Shmoldas ("Shmoldas") is improperly joined as a party to the Civil Action to destroy removal and diversity jurisdiction because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Shmoldas under Tennessee law. *See, e.g., McPherson v. Fortis Ins. Co.,* 2004 WL 1123529, 6 (Tenn. Ct. App. 2004) (stating that the "acts or omissions of [] the insurance agent do not excuse the plaintiff from misrepresentations in his application); *Reno v. SunTrust, Inc*., 2007 WL 907256, 4 (Tenn. Ct. App. 2007) (stating that "to allow a party to a contract to admit that the party signed the contract but to deny that the terms of the contract express the party's agreement would destroy the value of contracts." and citing *Giles v. Allstate Ins. Co.,* 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993)); *Oak Ridge Precision Industries, Inc. v. First Tennessee Bank National Ass'n*, 835 S.W.2d 25, 29 (Tenn. Ct. App. 1992) (explaining that it is well-settled law that a representation of a present or past fact is the most fundamental part of a misrepresentation claim, and allegations related to a future fact or promise are insufficient under Tennessee law to support a claim of misrepresentation.); *Weiss v. State Farm Fire & Cas. Co.*, 107 S.W. 3d 503, 506 (Tenn. Ct. App. 2001) (holding that an insurance agent has no duty to explain a policy to a policyholder). *See also, e.g., Hyde v. Acceleration Life Ins. Co.*, 438 S.E. 2d 385 (Ga. Ct. App. 1994) (language in an application for insurance that no agent has authority to make, alter, modify, or discharge any policy based on the application puts applicant on notice that the agent does not have actual or apparent authority to make any representations to change, modify or waive application questions); *Brown v. Inter-Ocean Ins. Co.*, 438 F.Supp. 951 (N.D. Ga. 1977) (agent cannot bind insurer by promising to issue a policy when the written application expressly states that the agent cannot so contract); *Steele v. Jackson Nat. Life Ins. Co.*, 691 So. 2d 525, 527 (Fla. App. 1997) (an applicant cannot rely on agent's alleged statement that diagnosis, treatment and hospitalization were insignificant to insurer). This Court must, therefore, disregard the citizenship of Shmoldas in determining whether diversity of citizenship exists among the parties properly joined. *See Coyne v. The American Tobacco Company*, 183 F.3d 488, 493 (6th Cir. 1999).

    (d)    Diversity of citizenship exists between all parties properly joined in that they are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, according to the complaint; and

    (e)    This action is within the original jurisdiction of the Court pursuant to the provisions of 28 U.S.C. § 1332.

    (f)    The consent of Shmoldas, being a fraudulently joined defendant, is not required to remove this case.  *See, e.g., Direct Marketing Services, LLC v. Bluegreen Corp.*, 2005 WL 1594543, 2 (E.D. Tenn. 2005) citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

5.    Golden Rule has filed this Notice prior to the expiration of thirty (30) days following its receipt of a copy of the Complaint by service.

6.    Golden Rule will give written notice to plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.  Golden Rule attaches a copy of the Notice of Filing of Notice of Removal as Exhibit B.

WHEREFORE, defendant, Golden Rule Insurance Company prays that the Civil Action now pending against it in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, be removed therefrom to this Court.

                            Respectfully submitted,

                            /s/ S. Russell Headrick
                            S. RUSSELL HEADRICK (TN BPR # 5750)
                            CHAD D. GRADDY (TN BPR # 23196)
                            BAKER, DONELSON, BEARMAN,
                              CALDWELL & BERKOWITZ, P.C.
                            165 Madison Ave., Suite 2000
                            Memphis, TN  38104
                            (901) 577-2366 (direct phone)
                            (901) 577-4264 (direct fax)
                            rheadrick@bakerdonelson.com

                            *Attorneys for Defendant,*
                            *Golden Rule Insurance Company*

- 4 -

CERTIFICATE OF SERVICE

     I hereby certify that on the 27th day of May, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                      /s/ S. Russell Headrick
                      S. Russell Headrick (TN5750)