
**CT Corporation**

**Service of Process Transmittal**
05/04/2009
CT Log Number 514808102

**TO:** Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Road East, MN008-T700
Minnetonka, MN 55343

**RE:** **Process Served in Tennessee**

**FOR:** GOLDEN RULE INSURANCE COMPANY (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Joe Moscon, Pltf. vs. Golden Rule Insurance Company and Chester Shmoldas, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return Form, Complaint |
| **COURT/AGENCY:** | 30th Judicial District Circuit Court at Memphis, TN<br>Case # CT-001610-09 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for medical services rendered - Seeking $250,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/04/2009 postmarked on 05/01/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not including the day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert D. Flynn<br>The Howard-Flynn Law Group<br>119 South Main Street<br>Suite 500<br>Memphis, TN 38103<br>901-322-8025 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 04/27/2009, and mailed to CT Corporation System on 05/04/2009. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/04/2009, Expected Purge Date: 06/03/2009<br>Image SOP<br>Email Notification, Administrative Assistant legalmail@uhc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

Page 1 of 1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

April 30, 2009

Golden Rule Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 62286

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 1830 0000 6982 8233
Cashier # 2747

Re: Joe Moscon V. Golden Rule Insurance Company

Docket # Ct-001610-09

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on April 27, 2009 by Joe Moscon pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

Service of Process 615.532.5260

(CHANCERY/CIRCUIT) COURT OF TENNESSEE
140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
SUMMONS IN CIVIL ACTION

NO. CT-001610-09     AD DAMNUM $500,000.00     AUTO ☐ OTHER ☒

JOE MOSCON

_____     Home Address

vs.     PLAINTIFF     Business Address

GOLDEN RULE INSURANCE COMPANY and
CHARLES SHMOLDAS     Home Address

DEFENDANT     Business Address

TO THE DEFENDANT(S): Golden Rule Insurance Company c/o the Commissioner of Commerce and Insurance
Division of Service of Process, 500 James Robertson Pkwy, Volunteer Plaza Bldg, Nashville, TN 37243-1131

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on _____ Michele Howard-Flynn _____ Plaintiff's attorney, whose address is _____ 119 s main st ste 500, Memphis, TN 38103 _____, telephone _____ 901.322.8025 _____ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk
KENNY ARMSTRONG, Clerk & Master

TESTED AND ISSUED ___ 4/17 ___, 20 09   By _____, D.C.

TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this _____ day of _____, 20 _____
Certification when applicable

_____
Surety

I, KENNY ARMSTRONG, Clerk & Master     I, JIMMY MOORE, Clerk of the Circuit
of the Chancery Court, Shelby County,     Court, Shelby County, Tennessee, certify
Tennessee, certify this to be a true and     this to be a true and accurate copy as filed
accurate copy as filed this_____     this _____
KENNY ARMSTRONG, Clerk & Master     JIMMY MOORE, Clerk

By:_____, D.C.     By:_____, D.C.

Front

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ___ at _____ M.
a copy of the summons and a copy of the Complaint to the following defendents
_____

Mark Luttrell, Sheriff

By _____
Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants
_____

(PLEASE PRINT THE FOLLOWING)

Private Process Server _____    Address _____

                                                  Phone _____

Company _____                   Signature _____

Other manner of service: _____
_____
_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____
_____

because _____ is / are not to be found in this County for the
following reason(s): _____

Mark Luttrell, Sheriff

This _____ day of _____, 20 ___. By _____
Deputy Sheriff

---

NO. 06/610-09 D. ___ TI

IN THE
(CHANCERY/CIRCUIT)
COURT
OF TENNESSEE
FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTIONS

Joe Moscon — PLAINTIFF

vs.

Golder Rule Ins. Co. — DEFENDANT

Came to hand _____

Michele Howard-Flynn
Attorney for Plaintiff

Tel. No. 901-322-8025

Back

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOE MOSCON,

    Plaintiff,

v.

GOLDEN RULE INSURANCE COMPANY
AND CHESTER SHMOLDAS,

    Defendants.

Civil Action: CT-001610-09
Div. IV

D. Jury Demanded

FILED APR 0 2 2009

*[Clerk's certification stamp: I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County Tennessee certify this to be a true and accurate copy as filed this 4-2-09. JIMMY MOORE, Clerk, By [signature]]*

## COMPLAINT

COMES NOW the plaintiff, Joe Moscon, and for cause of action against the defendants, Golden Rule Insurance Company and Chester Shmoldas, would respectfully show to the Court as follows:

1. The plaintiff, Joe Moscon, is a residence of Shelby County, Tennessee.

2. The defendant, Golden Rule Insurance Company, is a foreign insurance company with its principle place of business located at 712 Eleventh Street, Lawrenceville, Illinois. This defendant may be served with process by serving the Tennessee Commissioner of Insurance and Commerce.

3. The defendant, Chester Shmoldas, is a resident of Shelby County, Tennessee and may be served with process at his residence, 1700 Reid Hooker Road, Eads, Tennessee.

4. The events giving rise to this cause of action occurred in Shelby County, Tennessee and, accordingly, this Honorable Court has jurisdiction and venue in this cause.

5. At all times pertinent herein, the defendant, Chester Shmoldas, was an insurance producer licensed by the State of Tennessee, holding license No. 933734. Upon information and

believe, at the times pertinent herein, the defendant, Chester Shmoldas, had been appointed as an agent for the defendant, Golden Rule Insurance Company, pursuant to the provisions of T.C.A. § 56-6-115.

6. Upon the solicitation made to him by the defendant, Chester Shmoldas, the plaintiff, Joe Moscon, on or about February 24, 2007, submitted an application for insurance as part of the enrollment process for membership in Federation of American Consumers and Travelers (FACT). This application for insurance was made by the plaintiff to obtain insurance coverage for healthcare and medical benefits for the plaintiff and his wife, Susanne Moscon. This application also included an optional Term Life Benefit.

7. Plaintiff, Joe Moscon, participated in an interview conducted by the defendant, Chester Shmoldas, as the agent for the defendant, Golden Rule Insurance Company. At that time, the plaintiff provided true and correct responses to the questions posed to him by the defendant insurance agent to the best of the plaintiff's understanding of these questions. The application was completed totally by the defendant, Chester Shmoldas who, in fact, affixed an electronic signature for both the plaintiff, Joe D. Moscon, and the plaintiff's wife, Susanne D. Moscon. The application was completed at a work site of the plaintiff who is engaged in the landscaping business. At that time, the plaintiff, who is a longtime smoker, was smoking in the presence of the defendant Chester Shmoldas at the time of the application interview.

8. The defendant, Golden Rule Insurance Company, under the global policy issued to FACT (Policy No. G678102005), issued its certificate No. 058-326-619 to the plaintiff with an effective coverage date of March 1, 2007.

9. Subsequent to the issuance of this certificate of coverage, and up through all times pertinent to this matter, the plaintiff timely paid and the defendant Golden Rule Insurance Company accepted, monthly premiums for this insurance coverage.

10. On December 22, 2007, the plaintiff presented to Saint Francis Bartlett Hospital emergency room with symptoms of a myocardial infarction (heart attack). He was there stabilized medically for this condition and subsequently underwent catheterization and coronary angioplasty successfully and was discharged home.

11. According to the plaintiff's treating cardiologist, the best medical evidence available indicates that this heart condition was not diagnosed prior to December 22, 2007 with the onset of the diagnosis of cardiac problems dated from December 22, 2007.

12. Although having accepted the plaintiff's application for insurance coverage and, further, having accepted many months of premium payments, the defendant, Golden Rule Insurance Company, upon receipt of timely submitted charges for medical care rendered in treatment of the December 22, 2007 heart attack, for the first time subjected the plaintiff's application to the underwriting process. In that regard, for the first time, the defendant Golden Rule Insurance Company requested medical authorizations from the plaintiff to allow it access to his past medical records. The plaintiff fully cooperated with the Defendant, providing the Defendant, Golden Rule Insurance Company, with the requisite authorizations to obtain any medical records or other information it sought regarding the plaintiff.

13. On April 3, 2008, the defendant, Golden Rule Insurance Company, denied coverage to the plaintiff for the reasonable and necessary medical expenses he had incurred in treatment of the heart attack which occurred on December 22, 2007. In doing so, the defendant, Golden Rule Insurance Company, attempted to "void" coverage from its inception date based

solely upon its post-claim underwriting and investigation of the plaintiff. A copy of the April 3, 2008 letter received by the plaintiff from the defendant "voiding" coverage is attached hereto as Exhibit "A".

14. Although initially accepting a payment and issuing Explanation of Benefits (EOB) for some of the medically reasonable and necessary expenses incurred in treatment of the plaintiff's heart attack, the defendant, Golden Rule Insurance Company subsequently refused, and continues to refuse, payment for these medical expenses incurred by the plaintiff in treatment of this life threatening condition.

## BREACH OF CONTRACT

15. The plaintiff hereby adopts and incorporates by reference the allegations contained in Paragraphs 1-14.

16. The plaintiff and the defendant, Golden Rule Insurance Company, for good and valuable consideration, entered into a contract of insurance. As part of this insurance contract, the defendant, Golden Rule Insurance Company, agreed, among other things, to pay covered expenses, including medical benefits. Covered expense, within the definitions of this contact of insurance means "... an expense which is: (A) incurred while you or your dependent's insurance is enforced under the policy; (B) covered by a specific benefit provision of the policy; and (C) not excluded or limited anywhere in the policy."

17. That the medical expenses incurred by the plaintiff in treatment of his heart attack which occurred on December 22, 2007 are included within the definition of "covered expense" and, further, fall within medical benefits to be provided by the defendant Golden Rule Insurance Company to the plaintiff under the terms of this policy of insurance.

18. The defendant, Golden Rule Insurance Company, by failing and refusing to pay for these covered expenses has breached its contract of insurance with the plaintiff resulting in reasonably foreseeable damages, losses, and expenses to the plaintiff, specifically including, but not limited to, the medical expenses incurred in treatment of this life threatening heart attack.

### ESTOPPEL

19. The plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1-18.

20. From the inception of this contract of insurance as issued on March 1, 2007, the plaintiff timely paid, and the defendant, Golden Rule Insurance Company, received and accepted, premiums for this insurance coverage up through, and including, the times pertinent to the plaintiff's treatment for his heart attack.

21. The defendant, Golden Rule Insurance Company, initially accepted the expenses submitted by the plaintiff and his treating healthcare providers regarding the treatment of his heart attack and, in fact, issued Explanation of Benefits (EOB) regarding coverage of these expenses.

22. The defendant, Golden Rule Insurance Company, by accepting the premiums paid by the plaintiff (only tendering the return of these premiums after its wrongful attempt to void this policy of insurance), as well as its actions in accepting the expenses related to the treatment of the heart attack as covered expenses, is now estopped from denying coverage and benefits to the plaintiff under this policy of insurance.

### MISREPRESENTATION

23. The plaintiff hereby adopts and incorporates by reference all allegations contained in Paragraphs 1-22 above.

24. At all times material herein, the defendant, Chester Shmoldas, was the appointed agent of the defendant, Golden Rule Insurance Company. That, as such, all actions, conduct and representations of the defendant, Chester Shmoldas, are imputed to the defendant, Golden Rule Insurance Company.

25. At all times material to the solicitation of this policy of insurance, and a subsequent application for same submitted by Mr. Shmoldas on behalf of the plaintiff, the defendant Chester Shmoldas was fully aware that the plaintiff was a smoker and, further, it was the defendant, Chester Shmoldas, who actually completed and electronically signed the application for insurance. In the interview process leading up to this application of insurance, the plaintiff attempted, to the best of his information and lay knowledge, without benefit of medical training, to respond to the information requested by the defendant Chester Shmoldas.

26. At no time did the defendant Chester Shmoldas request additional information nor did he fully explain questions listed in the application form.

27. To the contrary, the defendant Chester Shmoldas, affirmatively represented that the information submitted by the plaintiff, in response to Mr. Shmoldas' questioning from the application, was satisfactory and that coverage would be afforded the plaintiff under this policy of insurance. The plaintiff materially relied upon the representation so made by the defendant Chester Shmoldas to the plaintiff's resulting detriment.

28. The knowledge of the defendant, Chester Shmoldas, as the duly appointed agent of the defendant Golden Rule Insurance Company, presented to T.C.A. § 56-6-115, is imputed to the defendant Golden Rule Insurance Company.

29. In the alternative, should it be determined that the defendant Chester Shmoldas is an independent producer, as alleged by the defendant Golden Rule Insurance Company then, in

that event, the defendant Chester Shmoldas should be individually liable and responsible for his misrepresentations of fact as made to the plaintiff concerning the solicitation and application for this subject policy of insurance.

## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

30. The plaintiff hereby adopts and incorporates by reference all allegations contained in Paragraphs 1-29.

31. At all times pertinent hereto, T.C.A. §47-18-101 et seq. (the Tennessee Consumer Protection Act) was in full force and effect.

32. The contract of insurance by and between the plaintiff and the defendant Golden Rule Insurance Company promised payment of those "covered expenses" reasonably to be incurred by the plaintiff in treatment of this life threatening heart attack. However, the coverage so promised to the plaintiff was largely illusory due to the unfair and deceptive practices of the defendant Golden Rule Insurance Company, in one, more or all of the following particulars:

a) In using an application for coverage that poses questions to the consumer, such as this plaintiff, in a confusing and ambiguous fashion, using verbiage that few consumers understand and, further, asking consumers to make judgments about their medical condition that few consumers are competent to make. The application is essentially a trap for the unwary that maximizes the possibility that it will contain errors or omissions that this defendant can later use as a purported basis for rescission of the contract of insurance.

b) The defendant markets its healthcare coverage products principally through agents who lack meaningful training in taking a health history, who have an economic incentive to avoid the disclosure of adverse information from the consumer's medical history, who are

themselves unable to explain the defendant's confusing and ambiguous application and who act without meaningful supervision or oversight by this defendant.

c) Although the medical history information contained on a completed application is unreliable for the foregoing reasons, and although more accurate and complete information is readily available to the defendant, the information on the application is rarely investigated by the defendant's underwriting department prior to the issuance of coverage. Upon information and belief, the defendant's underwriting department typically takes no steps to investigate an applicant's medical history until after learning that the consumer requires an expensive medical procedure or course of treatment. It is only at that point, following the submission of a claim, that the defendant undertakes a post-claims underwriting process.

d) In the post-claims underwriting process, the defendant makes no meaningful attempt to ascertain whether there is an innocent explanation for the alleged error or omission. Indeed, the defendant made no effort to request an explanation or additional information from the defendant make any other effort to ascertain whether the plaintiff was even aware of this supposedly undisclosed medical condition that gave rise to the apparent discrepancy. Rather, the defendant, Golden Rule Insurance Company, unilaterally attempted to rescind the contract of insurance without any requests for input or explanation by the plaintiff.

e) In the post-claims underwriting process, the defendant applies an incorrect legal standard in determining whether rescission is warranted, even sending the plaintiff's policy of insurance in innocent errors or omissions in contravention of the legal standard required under T.C.A. § 56-7-103.

f) Although purporting to investigate the submitted medical expense to determine if the heart attack suffered by the plaintiff was related to a "pre-existing condition", the defendant,

Golden Rule Insurance Company, instead engaged in the deceptive practice of conducting a post-claim underwriting investigation relating to matters unrelated and not material to the condition giving rise to the claim.

33. The aforementioned unfair and deceptive practices committed by the defendant Golden Rule Insurance Company entitle the plaintiff to recover under the Tennessee Consumer Protection Act.

WHEREFORE, the plaintiff, Joe D. Moscon, demands judgment against the defendants Golden Rule Insurance Company and Chester Shmoldas, as follows:

(1) The reinstatement of the contact of insurance so as to provide payment for all "covered expenses" as defined in said policy of insurance;

(2) Money judgment in the amount of $250,000.00, jointly and severally as against the defendant;

(3) Punitive damages in an amount not to exceed $250,000.00 as against the defendant Golden Rule Insurance Company only;

(4) In the alternative, an award of treble damages under the Tennessee Consumer Protection Act against the defendant Golden Rule Insurance Company only;

(5) An award of attorney fees in favor of the plaintiff as allowed under the Tennessee Consumer Protection Act;

(6) Pre-judgment and post-judgment interest;

(7) Such other relief, both legal and equitable, to which the plaintiff may be entitled.

THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY ALL ISSUES.

Respectfully submitted,

_____
Robert D. Flynn

_____
Michele Howard-Flynn

The Howard-Flynn Law Group
119 South Main Street, Suite 500
Memphis, Tennessee 38103
Attorneys for the Plaintiff

