**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

**JOE MOSCON,**

    **Plaintiff,**

**v.**                                                                **No. 2:09-cv-02332-BBD-tmp**
                                                                           **Jury Demanded**

**GOLDEN RULE INSURANCE COMPANY
AND CHESTER SHMOLDAS,**

    **Defendants.**

_____

**FIRST AMENDED COMPLAINT**

_____

    COMES NOW the plaintiff, Joe Moscon, and for cause of action against the defendants, Golden Rule Insurance Company and Chester Shmoldas, would respectfully show to the Court as follows:

    1.    The plaintiff, Joe Moscon, is a resident of Shelby County, Tennessee.

    2.    The defendant, Golden Rule Insurance Company, is a foreign insurance company with its principle place of business located at 712 Eleventh Street, Lawrenceville, Illinois. This defendant may be served with process by serving the Tennessee Commissioner of Insurance and Commerce.

    3.    The defendant, Chester Shmoldas, is a resident of the State of Mississippi.

    4.    The events giving rise to this cause of action occurred in Shelby County, Tennessee and, accordingly, this Honorable Court has jurisdiction and venue in this cause.

5. At all times pertinent herein, the defendant, Chester Shmoldas, was an insurance producer licensed by the State of Tennessee, holding license No. 933734. Upon information and believe, at the times pertinent herein, the defendant, Chester Shmoldas, had been appointed as an agent for the defendant, Golden Rule Insurance Company, pursuant to the provisions of T.C.A. § 56-6-115. The defendant, Chester Shmoldas, undertook for compensation to obtain insurance coverage for healthcare and medical benefits for the plaintiff and his wife, Susanne Moscon.

6. Upon the solicitation made to him by the defendant, Chester Shmoldas, the plaintiff, Joe Moscon, on or about February 24, 2007, submitted an application for insurance as part of the enrollment process for membership in Federation of American Consumers and Travelers (FACT). This application for insurance was made by the plaintiff to obtain insurance coverage for healthcare and medical benefits for the plaintiff and his wife, Susanne Moscon. This application also included an optional Term Life Benefit.

7. Plaintiff, Joe Moscon, participated in an interview conducted by the defendant, Chester Shmoldas, as the agent for the defendant, Golden Rule Insurance Company. At that time, the plaintiff provided true and correct responses to the questions posed to him by the defendant insurance agent to the best of the plaintiff's understanding of these questions. The application was completed totally by the defendant, Chester Shmoldas who, in fact, affixed an electronic signature for both the plaintiff, Joe D. Moscon, and the plaintiff's wife, Susanne D. Moscon. The application was completed at a work site of the plaintiff who is engaged in the landscaping business. The plaintiff, who is a longtime smoker, was smoking in the presence of the defendant Chester Shmoldas at the time of the application interview.

8. At the time he submitted the aforementioned application, the defendant Chester Shmoldas had knowledge that the plaintiff was a smoker.

9. The defendant, Golden Rule Insurance Company, under the global policy issued to FACT (Policy No. G678102005), issued its certificate No. 058-326-619 to the plaintiff with an effective coverage date of March 1, 2007. This policy of insurance included a rider providing supplemental accidental injury expense benefits.

10. Subsequent to the issuance of this certificate of coverage, and up through all times pertinent to this matter, the plaintiff timely paid and the defendant Golden Rule Insurance Company accepted, monthly premiums for this insurance coverage.

11. On December 22, 2007, the plaintiff presented to Saint Francis Bartlett Hospital emergency room with symptoms of a myocardial infarction (heart attack). He was stabilized medically for this condition and subsequently underwent catheterization and coronary angioplasty successfully and was discharged home.

12. According to the plaintiff's treating cardiologist, the best medical evidence available indicated that this heart condition was not diagnosed prior to December 22, 2007 with the onset of the diagnosis of cardiac problems dated from December 22, 2007.

13. Although having accepted the plaintiff's application for insurance coverage, with the full imputed knowledge of its agent, Chester Shmoldas that the plaintiff was a smoker, and, further, having accepted many months of premium payments, the defendant, Golden Rule Insurance Company, upon receipt of timely submitted charges for medical care rendered in treatment of the December 22, 2007 heart attack, for the first time subjected the plaintiff's application to the underwriting process. In that regard, for the first time, the defendant Golden Rule Insurance Company requested medical authorizations from the plaintiff to allow it access to his past medical records. The plaintiff fully cooperated with the Defendant, providing the

Defendant, Golden Rule Insurance Company, with the requisite authorizations to obtain any medical records or other information it sought regarding the plaintiff.

14. On April 3, 2008, the defendant, Golden Rule Insurance Company, denied coverage to the plaintiff for the reasonable and necessary medical expenses he had incurred in treatment of the heart attack which occurred on December 22, 2007. In doing so, the defendant, Golden Rule Insurance Company, attempted to "void" coverage from its inception date based solely upon its post-claim underwriting and investigation of the plaintiff. A copy of the April 3, 2008 letter received by the plaintiff from the defendant "voiding" coverage is attached hereto as Exhibit "A".

15. Although initially accepting a payment and issuing Explanation of Benefits (EOB) for some of the medically reasonable and necessary expenses incurred in treatment of the plaintiff's heart attack, the defendant, Golden Rule Insurance Company subsequently refused, and continues to refuse, payment for these medical expenses incurred by the plaintiff in treatment of this life threatening condition.

## BREACH OF CONTRACT

16. The plaintiff hereby adopts and incorporates by reference the allegations contained in Paragraphs 1-15.

17. The plaintiff and the defendant, Golden Rule Insurance Company, for good and valuable consideration, entered into a contract of insurance. As part of this insurance contract, the defendant, Golden Rule Insurance Company, agreed, among other things, to pay covered expenses, including medical benefits. Covered expense, within the definitions of this contact of insurance means "… an expense which is: (A) incurred while you or your dependent's insurance

is enforced under the policy; (B) covered by a specific benefit provision of the policy; and (C) not excluded or limited anywhere in the policy."

18. That the medical expenses incurred by the plaintiff in treatment of his heart attack which occurred on December 22, 2007 are included within the definition of "covered expense" and, further, fall within medical benefits to be provided by the defendant Golden Rule Insurance Company to the plaintiff under the terms of this policy of insurance.

19. The defendant, Golden Rule Insurance Company, by failing and refusing to pay for these covered expenses has breached its contract of insurance with the plaintiff resulting in reasonably foreseeable damages, losses, and expenses to the plaintiff, specifically including, but not limited to, the medical expenses incurred in treatment of this life threatening heart attack.

20. In the alternative, should the defendant Golden Rule be successful in voiding this policy of insurance, which the plaintiff denies it should be entitled to do, in that event, then the defendant, Chester Shmoldas, after having undertaken for compensation to procure healthcare and medical benefits coverage for the plaintiff, failed to do so and, accordingly, breached his contractual duty owed by him to the plaintiff to obtain such coverage with resulting losses and expenses to the plaintiff as set forth below.

ESTOPPEL

21. The plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1-20.

22. From the inception of this contract of insurance as issued on March 1, 2007, the plaintiff timely paid, and the defendant, Golden Rule Insurance Company, received and accepted, premiums for this insurance coverage up through, and including, the times pertinent to the plaintiff's treatment for his heart attack.

23. From the inception of this contract of insurance, the defendant Golden Rule had the imputed knowledge of its agent, Chester Shmoldas, that the plaintiff was a smoker.

24. The defendant, Golden Rule Insurance Company, initially accepted the expenses submitted by the plaintiff and his treating healthcare providers regarding the treatment of his heart attack and, in fact, issued Explanation of Benefits (EOB) regarding coverage of these expenses.

25. The defendant, Golden Rule Insurance Company, by accepting the premiums paid by the plaintiff (only tendering the return of these premiums after its wrongful attempt to void this policy of insurance), with the full imputed knowledge of its agent that the plaintiff was a smoker, as well as its actions in accepting the expenses related to the treatment of the heart attack as covered expenses, is now estopped from denying coverage and benefits to the plaintiff under this policy of insurance.

## MISREPRESENTATION

26. The plaintiff hereby adopts and incorporates by reference all allegations contained in Paragraphs 1-25 above.

27. At all times material herein, the defendant, Chester Shmoldas, was the appointed agent of the defendant, Golden Rule Insurance Company. That, as such, all actions, conduct and representations of the defendant, Chester Shmoldas, is imputed to the defendant, Golden Rule Insurance Company.

28. At all times material to the solicitation of this policy of insurance, and a subsequent application for same submitted by Mr. Shmoldas on behalf of the plaintiff, the defendant Chester Shmoldas was fully aware that the plaintiff was a smoker and, further, it was the defendant, Chester Shmoldas, who actually completed and electronically signed the

application for insurance. In the interview process leading up to this application of insurance, the plaintiff attempted, to the best of his information and lay knowledge, without benefit of medical training, to respond to the information requested by the defendant Chester Shmoldas.

29.     At no time did the defendant Chester Shmoldas request additional information nor did he fully explain questions listed in the application form.

30.     To the contrary, the defendant Chester Shmoldas, affirmatively represented that the information submitted by the plaintiff, in response to Mr. Shmoldas' questioning from the application, was satisfactory and that coverage would be afforded the plaintiff under this policy of insurance. The plaintiff materially relied upon the representation so made by the defendant Chester Shmoldas to the plaintiff's resulting detriment.

31.     The knowledge of the defendant, Chester Shmoldas, as the duly appointed agent of the defendant Golden Rule Insurance Company, presented to T.C.A. § 56-6-115, is imputed to the defendant Golden Rule Insurance Company.

32.     In the alternative, should it be determined that the defendant Chester Shmoldas is an independent producer, as alleged by the defendant Golden Rule Insurance Company then, in that event, the defendant Chester Shmoldas owed a fiduciary duty to the plaintiff and should be individually liable and responsible for his misrepresentations of fact as made to the plaintiff concerning the solicitation and application for this subject policy of insurance, as well as liable for his breach of the fiduciary duty he owed to the plaintiff.

VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

33. The plaintiff hereby adopts and incorporates by reference all allegations contained in Paragraphs 1-32.

34. At all times pertinent hereto, T.C.A. §47-18-101 et seq. (the Tennessee Consumer Protection Act) was in full force and effect.

35. The contract of insurance by and between the plaintiff and the defendant Golden Rule Insurance Company promised payment of those "covered expenses" reasonably to be incurred by the plaintiff in treatment of this life threatening heart attack. However, the coverage so promised to the plaintiff was largely illusory due to the unfair and deceptive practices of the defendant Golden Rule Insurance Company, in one, more or all of the following particulars:

a) In using an application for coverage that poses questions to the consumer, such as this plaintiff, in a confusing and ambiguous fashion, using verbiage that few consumers understand and, further, asking consumers to make judgments about their medical condition that few consumers are competent to make. The application is essentially a trap for the unwary that maximizes the possibility that it will contain errors or omissions that this defendant can later use as a purported basis for rescission of the contract of insurance.

b) The defendant markets its healthcare coverage products principally through agents who lack meaningful training in taking a health history, who have an economic incentive to avoid the disclosure of adverse information from the consumer's medical history, who are themselves unable to explain the defendant's confusing and ambiguous application and who act without meaningful supervision or oversight by this defendant. In the instant case, the soliciting agent, the Defendant, Chester Shmoldas, admittedly had knowledge at the time that the application for this insurance coverage was submitted that the Plaintiff was a smoker. This

knowledge is imputed to the Defendant Golden Rule pursuant to T.C.A.56-6-115. Despite this knowledge, the Defendant Golden Rule nevertheless continued to collect and accept premiums from the Plaintiff without any intent of honoring any claims submitted by the Plaintiff but, instead, when presented with such claims, attempted to void and rescind the policy of insurance upon false and spurious grounds. This practice on the part of the defendant, Golden Rule, is akin to a "bait and switch" practice. In so acting, the Defendant, Golden Rule, engaged in an unfair and deceptive practice

     c)     Although the medical history information contained on a completed application is unreliable for the foregoing reasons, and although more accurate and complete information is readily available to the defendant, the information on the application is rarely investigated by the defendant's underwriting department prior to the issuance of coverage.  Upon information and belief, the defendant's underwriting department typically takes no steps to investigate an applicant's medical history until after learning that the consumer requires an expensive medical procedure or course of treatment.  It is only at that point, following the submission of a claim, that the defendant undertakes a post-claims underwriting process.

     d)     In the post-claims underwriting process, the defendant makes no meaningful attempt to ascertain whether there is an innocent explanation for the alleged error or omission. Indeed, the defendant made no effort to request an explanation or additional information from the defendant or make any other effort to ascertain whether the plaintiff was even aware of this supposedly undisclosed medical condition that gave rise to the apparent discrepancy.  Rather, the defendant, Golden Rule Insurance Company, unilaterally attempted to rescind the contract of insurance without any requests for input or explanation by the plaintiff.

e) In the post-claims underwriting process, the defendant applies an incorrect legal standard in determining whether rescission is warranted, even sending the plaintiff's policy of insurance in innocent errors or omissions in contravention of the legal standard required under T.C.A. § 56-7-103.

f) Although purporting to investigate the submitted medical expense to determine if the heart attack suffered by the plaintiff was related to a "pre-existing condition", the defendant, Golden Rule Insurance Company, instead engaged in the deceptive practice of conducting a post-claim underwriting investigation relating to matters unrelated and not material to the condition giving rise to the claim and then attempted to void coverage for, among other reasons, on the grounds that the plaintiff was a smoker, a fact that the defendant Golden Rule knew from the inception of this policy of insurance from the imputed knowledge of its agent, Chester Shmoldas.

36. The aforementioned unfair and deceptive practices committed by the defendant Golden Rule Insurance Company entitle the plaintiff to recover under the Tennessee Consumer Protection Act.

WHEREFORE, the plaintiff, Joe D. Moscon, demands judgment against the defendants Golden Rule Insurance Company and Chester Shmoldas, as follows:

(1) The reinstatement of the contact of insurance so as to provide payment for all "covered expenses" as defined in said policy of insurance;

(2) Money judgment in the amount of $250,000.00, jointly and severally as against the defendant;

(3) Punitive damages in an amount not to exceed $250,000.00 as against the defendants Golden Rule Insurance Company and Chester Shmoldas;

(4) In the alternative, an award of treble damages under the Tennessee Consumer Protection Act against the defendants Golden Rule Insurance Company and Chester Shmoldas;

(5) An award of attorney fees in favor of the plaintiff as allowed under the Tennessee Consumer Protection Act;

(6) Pre-judgment and post-judgment interest;

(7) Such other relief, both legal and equitable, to which the plaintiff may be entitled.

THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY ALL ISSUES.

Respectfully submitted,

_/s/ Robert D. Flynn_____
Robert D. Flynn

__/s/ Michele Howard-Flynn_____
Michele Howard-Flynn

The Howard-Flynn Law Group
119 South Main Street, Suite 500
Memphis, Tennessee 38103
Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record, by electronic means via the Court's electronic filing system, on this the 21st day of August, 2009.

/s/ Robert D. Flynn_____
ROBERT D. FLYNN